UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16cv80401 ____________

SUMMER COUNTRYMAN,

Plaintiff,

vs.

GOLDCO, LLC d/b/a BURGER KING,

Defendant.

_______________________________________/

**COMPLAINT**

Plaintiff, SUMMER COUNTRYMAN ("COUNTRYMAN"), sues Defendant, GOLDCO, LLC d/b/a BURGER KING, and alleges as follows:

**INTRODUCTION**

1. This is an action brought by Plaintiff, COUNTRYMAN, based on interference and retaliation claims in violation of the Family Medical Leave Act ("FMLA").

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, COUNTRYMAN, is a female citizen of Florida over the age of twenty-one (21) and at all time relevant hereto was a resident of Palm Beach County, Florida.

3. Defendant, GOLDCO, LLC d/b/a BURGER KING (hereinafter "GOLDCO" or "Defendant") is a Burger King Franchise owner and operator of multiple Burger King restaurants in South East and Central Florida including store no. 4090 located on Indiantown Road in Jupiter, Florida.

4. At all times material hereto the Plaintiff was a full time employee at the Burger King store no. 4090 and otherwise an "employee" as defined by the Family Medical Leave Act.

5. At all times relevant, the GOLDCO conducted business and operated out of Palm Beach, Martin, St. Lucie and Broward and Okeechobee Counties, employing greater than fifty (50) employees, including the Plaintiff, and was thus an "employer" as defined by the Family Medical Leave Act.

6. This is an action for damages costs, interest, and attorneys' fees.

7. This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §1343, as this action arises under the Constitution or laws of the United States, specifically the Family Medical Leave Act.

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because GOLDCO conducts business within the Southern District, and further because the acts giving rise to the Complaint occurred in the Southern District of Florida.

**FACTUAL ALLEGATIONS**

9. Plaintiff became employed at store no. 4090 by the predecessor in interest to GOLDCO, to witt: Fast Food Enterprises #2 LLP, on or about and during 2012 and continued to work at said store on a full time basis, excluding time taken off for maternity leave, until approximately May, 7, 2015 when she was not permitted to return to work from maternity leave.

10. GOLDCO became the owner and operator of store no. 4090 sometime around or about August 2013.

11. GOLDCO was and is the "successor in interest" as defined under the FMLA regulations and thus liable for all FMLA violations alleged herein in that at the time of its acquisition of store no. 4090 and at all times thereafter:

a. there was and is substantial continuity of the same business operations;
b. the same facilities and building were and are used;
c. there was and is a continuity of the same workforce employed;

d. there was and is similarity of jobs and working conditions;
e. there was and is similarity of supervisory personnel;
f. The identical machinery, equipment and production methods were and are used;
g. The same products and services were and are produced and sold.

12. Plaintiff was terminated by the GOLDCO on May, 7, 2015 without cause and without reason.

13. Contrary to the GOLDCO's allegations, at all times pertinent hereto, Plaintiff was an excellent employee in a position with GOLDCO, highly proficient in her work and all respects acted in the best interest of her employer.

14. Plaintiff became pregnant on or about June, 2014.

15. Plaintiff informed Defendant of her pregnancy and continued to work on a full time basis through the same.

16. On multiple occasions starting around or about January and February 2015, Plaintiff advised her managers that she would need to take maternity leave starting on or about March 1, 2015 and inquired of her managers whether she needed to fill out any paperwork or documents to obtain or secure the same.

17. In response to her inquiries, Plaintiff's managers advised her that she need not fill out any paperwork and that her job would be held and available to her upon her return form maternity leave.

18. On March 1, 2015, Plaintiff went out on maternity leave and was expecting to return to work after the use of her 12 weeks of FMLA leave.

19. On or about May 7, 2015, Plaintiff attempted to return to work and was advised that her job was no longer available and that she would need to re-apply for any open position at the store.

20. Plaintiff submitted an application to Defendant on May 7, 2015 and was interviewed on the same day, but was never offered any position.

21. Plaintiff re-applied two additional times thereafter but was never interviewed or offered any job.

22. Defendant never provided Plaintiff with any of the required Notices or explanation of her rights to take and use FMLA leave.

23. Before and while on maternity/FMLA leave, Plaintiff reported her need for and actual absences in accordance with the call out procedures, and obtained oral permission from her supervisors excusing her from work for this period of time.

24. The absences from work from March 1, 2015 through May 7, 2015 were absences which were expressly allowed for and permitted as maternity leave for the care of herself and her new born child and were protected absences in accordance with the Family Medical Leave Act.

25. GOLDCO was fully aware of the reasons and circumstances of the absences at the time that they were being taken and was provided with advance notice of Plaintiff's intentions and need to take maternity leave from work for this period of time.

26. Despite these presentations GOLDCO failed to comply with the requirements of the FMLA and ultimately terminated her employment and refused to return her to the same or equivalent position upon expiration of her maternity leave.

## COUNT I – INTERFERENCE WITH, RESTRAINT, AND DENIAL OF FAMILY MEDICAL LEAVE ACT RIGHTS AND VIOLATIONS OF 29 U.S.C. §2615

27. Plaintiff realleges and incorporates paragraphs 1 through 26 above as if set forth in full herein.

28. Defendant engaged in commerce or other industry or activity effecting commerce and employed fifty or more employees for each working day during each of the twenty or more calendar work weeks in the current or proceeding calendar year.

29. Defendant is an employer under the Family Medical Leave Act ("FMLA").

30. Plaintiff was an eligible employee under the FMLA to receive maternity leave related to the birth of her child.

31. Plaintiff notified Defendant of her pregnancy and desire and need to take maternity leave in order to take care of herself and her newborn child, Defendant acknowledged Plaintiff's need to take FMLA leave and advised her that no paperwork need be filled out or presented and that she was entitled to take the same.

32. Defendant had an obligation to inform Plaintiff of her right to take FMLA leave when she needed it, and not to interfere with her taking FMLA leave when she needed it. Instead, Defendant interfered with Plaintiff's rights to take FMLA leave by, among other things, failing to provide Plaintiff with any required notice of rights etc. under the FMLA, preventing Plaintiff for utilizing all leave guaranteed to her and/or terminating her employment because she used protected leave.

33. Defendant's actions were in violation of 29 U.S.C. §2615.

34. Defendant's violation of 29 U.S.C. §2615 was willful and committed in bad faith without reasonable grounds.

35. As a result of these violations, Plaintiff has incurred damages including but not limited to, loss of back wages, front wages, employee benefits and other compensation denied or lost as a result of Defendant's actions.

36. Plaintiff is entitled to recover the aforementioned damages since the maternity leave that was sought in this matter was related to the birth of her child and specifically protected and allowed for under the terms of the FMLA.

37. Plaintiff is entitled to an award of reasonable attorneys' fees and costs incurred as allowed by law.

## COUNT V – RETALIATION AND UNLAWFUL DISCRIMINATION AGAINST PLAINTIFF FOR EXERCISING HER FAMILY MEDICAL LEAVE ACT RIGHTS IN VIOLATION OF 29 U.S.C. §2615

38. Plaintiff reallages and incorporates paragraphs 1 through 26 above as if set forth in full herein.

39. Defendant engaged in commerce or other industry or activity effecting commerce and employed fifty (50) or more employees for each working day during each of twenty or more calendar work weeks in the current or proceeding calendar year.

40. Defendant is an employer under the Family Medical Leave Act ("FMLA").

41. Plaintiff was an eligible employee under the FMLA to receive maternity leave off related to the birth of her child.

42. Plaintiff notified Defendant of her desire to take and need for maternity leave on several occasions for which she expressed a need to be absent from work from March 1, 2015 through May 7, 2015 in order to care for herself and her newborn child.

43. Plaintiff made specific verbal requests for maternity leave under the FMLA. The Plaintiff engaged in activity protected by the FMLA when she requested leave and took leave to maternity leave to care for herself and her newborn child.

44. Defendant through its agents and/or employees, retaliated against Plaintiff for Plaintiff requesting and taking leave she was entitled to take under the FMLA. Defendant's

retaliation against Plaintiff included but was not limited to ultimately firing her from her job and refusing to return her to work.

45. Defendant knew and was aware of Plaintiff's exercise of her rights secured to her by the FMLA for reasons which include, but are not limited to, the discussions held between Plaintiff and her supervisors and others regarding the status of her pregnancy and her need for maternity leave from work.

46. Defendant took adverse action against Plaintiff in bad faith for exercising her rights under the FMLA in violation of 29 U.S.C. §2615.

47. As a result of Defendant's willful violations of the FMLA, Plaintiff has incurred damages including but not limited to lost wages, employee benefits, and other compensation and benefits denied or lost as a result of these violations and interest on the same.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the entry of judgment against the Defendant as follows:

A. Declare and adjudge the Defendant has violated the rights of Plaintiff as provided by the Family Medical Leave Act;

B. Award nominal, compensatory, and liquidated damages to the Plaintiff for pain and suffering, emotional distress, embarrassment, and other mental anguish damages to the full extent allowed under state and federal law in amounts to be determined at trial;

C. Award all general, equitable, and/or special damages to the Plaintiff as entitled to under the state and federal law, including but not limited to, back pay, lost earnings, the value of her loss fringe benefits, including medical, retirement, seniority, and other lost benefits, with any pre and post judgment interest allowed as determined at trial;

D. Reinstate the Plaintiff to her previously held position or alternatively award reasonable front pay and back pay from the time of the adverse action;

E. Reinstate the Plaintiff's full fringe benefits and seniority rights;

F. Award the Plaintiff costs and expenses incurred in bringing this action including reasonable attorneys' fees and other litigation expenses as provided by state and federal law;

G. Award statutory interest to the full extent provided by state and federal law;

H. Award the Plaintiff any such additional relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury of all issues and counts so triable as a matter of right.

DATED this 15th day of March, 2016.

CHRISTOPHER C COPELAND, P.A.
824 W. Indiantown Road
Jupiter, FL 33458
561-691-9048 (office)
866-259-0719 (fax)
Chris@CopelandPA.com (primary e-mail)
Carla@CopelandPA.com (secondary e-mail)

/s/ Christopher C. Copeland
CHRISTOPHER C. COPELAND, ESQ.
Florida Bar #938076
*Attorney for Plaintiff*